UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL CANTRELLE, SR. | CIVIL ACTION |
| VERSUS | NO: 24-2102 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION: "A" (3) |

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment Regarding Avondale Interests' Government Immunity Defense (Rec. Doc. 81)** filed by the plaintiffs, Daniel Cantrelle, Sr., et al. ("Plaintiff").[1] The defendant, Huntington Ingalls, Inc. ("Avondale"), opposes the motion. The motion, submitted for consideration on April 16, 2025, is before the Court on the briefs without oral argument.

Daniel Cantrelle, Sr. was diagnosed with mesothelioma in June of 2024. That same month he filed his damages lawsuit in state court against numerous defendants, including Avondale. As to Avondale, Mr. Cantrelle alleged that he was exposed to asbestos dust during his work for the company from 1960 to 1979. Avondale removed the case asserting federal officer removal jurisdiction because it built ships for the United Staes Navy pursuant to government contracts during the time of Mr. Cantrelle's alleged exposure to asbestos dust. Avondale is the only government contractor named

---

[1] The motion was filed by Daniel Cantrelle, Jr., Dana Cantrelle, Kelly Cantrelle, Monica Koeppel, Paul Cantrelle, Shelley Cantrelle, and Zachary Cantrelle, on behalf of Daniel Cantrelle, Sr. Mr. Cantrelle, Sr., the original plaintiff who filed suit, is now deceased. For simplicity, the Court refers to "Plaintiff" in the singular.

1

in the lawsuit. Avondale asserts government contractor immunity defenses in response to Plaintiff's claims based on *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).

Plaintiff filed the instant motion for partial summary judgment seeking to streamline the issues for trial in this case. Plaintiff contends that Avondale has no government contractor immunity for claims under state law that it failed to warn of or otherwise protect Plaintiff from asbestos dust exposures in the workplace.[2] In support of his motion, Plaintiff points to the numerous rulings by other judges in this district, who based on the same evidence now before this Court and nearly identical claims of negligence against Avondale, have held that Avondale is not entitled to government contractor immunity for claims related to its failure to warn its employees of asbestos hazards and to enact protective measures to protect its employees in the workplace. In those other cases the plaintiffs' motions for summary judgment were granted against Avondale. Plaintiff points to decisions from Judges Duval, Vance, Fallon, Barbier, Lemmon, and Morgan all finding that Avondale could produce no evidence that the government directed it not to warn workers at its shipyard of the hazards of asbestos dust or to otherwise protect them from the hazard.

Plaintiff maintains that the result should be no different in this case. In support of

---

[2] It is clear that Plaintiff's motion for summary judgment is a partial motion for summary judgment targeting only his failure to warn/failure to protect claim against Avondale. In its opposition Avondale points out that Plaintiff has asserted claims based on other theories of liability against Avondale aside from the failure to warn/protect claim. Those other claims are not at issue in Plaintiff's motion. Therefore, Avondale's contention that Plaintiff's motion should be denied because Avondale may have a viable federal defense to other claims in the case is unconvincing.

Plaintiff's contention that his motion for summary judgment should be granted like those in the other asbestos cases against Avondale in this district, Plaintiff points out that the exposure occurrences in this case happened decades ago (for the most part in the same timeframe as the exposures in the other cases) and the evidence available regarding what took place (or did not take place) at Avondale in that timeframe has not changed. In other words, the evidence available to Avondale to oppose summary judgment on its government contractor immunity defenses is no different in the case at bar than it was in the other judges' cases where the plaintiffs' motions for summary judgment against Avondale were granted.

For its part, Avondale concedes nothing, and reurges many of the arguments that failed in other sections of this court. Avondale responds that the Court should decline to follow the other judges of the district because those judges erred in failing to consider the version of the *Boyle* test applied by the Fifth Circuit in the en banc decision of *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). Avondale contends that *Latiolais* is the only decision that has addressed failure to warn claims like those at issue in this case, and *Latiolais* demonstrates that Avondale does have a viable *Boyle* defense, and at a minimum presents issues of fact that preclude summary judgment.[3]

Avondale argues that the other judges in this district erroneously concluded that Avondale could only prevail on its *Boyle* defense if its government contracts actually constrained it from issuing warnings to its employees or implementing its own safety

---

[3] At various points in its opposition Avondale asserts that issues of fact preclude summary judgment but Avondale never identifies exactly which facts are in dispute in this case. In fact, the Court is not aware of any facts in dispute that are material to the issues presented.

protocols to protect its employees from the hazards of asbestos. Avondale contends that it is not necessary for the contractor to show that the government *prevented* the warnings or safety measures so long as the government exercised discretion regarding warning and protocols for workers in connection with the performance of government contracts, and the exercise of that discretion is enough to bring a claim within the scope of *Boyle*.

Further, Avondale contends that *Yearsley* immunity is distinct from the *Boyle* defense and that both prongs for derivative immunity under *Yearsley* are satisfied because Avondale built the vessels pursuant to a government contract and complied with the government's contractual requirements related to asbestos. Avondale argues that *Yearsley* derivative immunity does not rest on the notion that the government mandated Avondale's allegedly negligent warnings or safety practices but rather on the proposition that Avondale is entitled to share in the immunity for injuries incidental to its performance of its government contracts.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of

evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

It is undisputed that the navy vessels that Avondale was constructing during the time of Plaintiff's alleged exposure to asbestos dust were built pursuant to the government's specifications that called for the use and installation of asbestos. But Plaintiff's failure to warn/protect claims do not challenge the fact that asbestos was used in the construction of the government's vessels.

It is also undisputed that to the extent that Avondale's government contracts contained any safety requirements related to asbestos, such as by incorporating the Walsh-Healey Act and Department of Labor regulations, Avondale complied with those

requirements.[4] But Plaintiff's failure to warn/protect claims are not based on whether Avondale did or did not comply with any of the requirements imposed by its government contracts.

Finally, it is undisputed that none of Avondale's government contracts precluded it or constrained it in any way from giving its workers the warnings and protections that Plaintiff contends that Avondale is liable under state law for failing to provide. Just as in the other judges' cases, Avondale can produce no evidence that the government directed it not to warn workers at its shipyard of the hazards of asbestos dust or to otherwise protect them from the hazards. And Plaintiff points out that in this case, Avondale's responses to requests for admissions confirm that the government did not interfere with Avondale's discretion to warns its employees about asbestos-related health hazards or to implement its own safety protocols. (Rec. Doc. 81-20, Exhibit P).

But nonetheless and as noted above, Avondale's position is that when one applies the correct legal standard (which according to Avondale the other judges in this district have all failed to do),[5] it is immaterial that its contracts with the government did not prevent it from providing its workers with the warnings and protections that Plaintiff contends should have been provided. According to Avondale, it suffices that Avondale complied with whatever requirements its contracts imposed, and since the government

---

[4] Actually, it is not clear whether Plaintiff concedes this point because Avondale's assertion of "compliance" is based on the circumstantial argument that Avondale must have been in compliance because the government continued to award it contracts to construct vessels.

[5] The Court observes that Avondale has not produced any rulings by judges in this district who have adopted its arguments and taken a contrary approach to the cases cited by Plaintiff.

could have required more stringent safety measures or warnings but declined to do so, Avondale cannot be liable.

First of all, this Court, like the other judges who rendered decisions against Avondale following the Fifth Circuit's decision in *Latiolais*, is convinced that Avondale's reliance on *Latiolais* (which is heavy) is completely misplaced. In *Latiolais v. Huntington Ingalls, Inc.*, the en banc Fifth Circuit considered whether the 2011 amendments to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), relaxed the causal connection requirement that had previously been employed when considering the propriety of removal in cases where the removing defendant is attempting to assert a federal defense to a state law claim. Like the instant case, *Latiolais* was an asbestos case and the claims at issue were failure to warn/protect claims like those in this case. But the driving issue in *Latiolais* was whether the failure to warn claims were removable to federal court following the 2011 amendments to the federal officer removal statute— under the pre-2011 causal connection standard they were not removable. After explaining why the 2011 amendments broadened removal under the federal officer removal statute by relaxing the causal connection standard that had previously been employed, 951 F.3d at 296, the Fifth Circuit then considered whether Avondale's federal defense under *Boyle* was "colorable," which is the very liberal standard used in conjunction with removal, *id.* at 296-97. The Fifth Circuit did conclude that Avondale's federal defense was "colorable," but that liberal standard, which applies only to the propriety of removal, is not applicable to the issues presented in Plaintiff's motion for partial summary judgment, which go to the merits. A federal defense may be "colorable" even if it is not "clearly sustainable"; in order to remove the defendant need not "win his

7

case" as to his federal defense. *Id.* at 296 (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)). Thus, *Latiolais* does not provide the legal standard through which Avondale's federal defenses under *Boyle* are to be evaluated at this juncture. Avondale's contention that *Latiolais* demonstrates that Avondale has a viable federal defense under *Boyle* is simply incorrect.

The federal defense outlined in *Boyle* extends to federal contractors an immunity enjoyed by the federal government in the performance of discretionary actions. *Latiolais*, 951 F.3d at 297 (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017)). Under *Boyle*, a federal contractor is not liable for design defects in a product produced for the government if 1) the government approved reasonably precise specifications, 2) the product conformed to those specifications, and 3) the contractor warned the government about the dangers in the use of the product that were known to the contractor but not to the government. *Id.* (citing *Boyle*, 487 U.S. at 512). The *Boyle* defense is not limited solely to design-defect claims so long as *Boyle*'s three conditions are met with respect to the "particular product feature" upon which the claim is based. *Id.* at 298 (citing *Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 801 (5th Cir. 1993)).

In *Jowers v. Lincoln Electric Co.*, 617 F.3d 346, 352 (5th Cir. 2010), the Fifth Circuit modified *Boyle*'s conditions for application in a failure to warn case as follows: 1) the government exercised discretion and approved warnings for the product, 2) the warnings the defendant provided about the product conformed to the government's specifications, and 3) the defendant warned the government about dangers known to the defendant but not to the government. *Jowers*, 617 F.3d at 352 (citing *Boyle*, 487 U.S. at 512); *see also Kerstetter v. Pacific Scien. Co.*, 210 F.3d 431 (5th Cir. 2000)).

8

Importantly, for the first *Boyle* factor to apply in a failure to warn scenario, the government must have "exercised discretion" by meaningfully participating in the drafting of the warning at issue. *Jowers*, 617 F.3d at 353 (citing *Trevino v. Gen Dynamics Corp.*, 865 F.2d 1474, 1479-81 (5th Cir. 1989)). The government must not have merely "rubber stamped" the contractor's decisions. *Id.* There must be evidence in the record that the government actually chose a warning through its discretion. *Id.* Separate evidence of a dialogue between the government and the contractor is needed when the government approves rather than prepares a warning because the government's mere acceptance of a manufacturer's warning does not establish its interest in that particular warning. *Id.* (citing *Kerstetter*, 210 F.3d at 435).

Although the Court is not persuaded by Avondale's argument that the other judges in this district have all applied an incorrect legal standard when considering Avondale's federal defense to the state law failure to warn/protect claims, it remains nonetheless that Avondale cannot satisfy the first element of a *Boyle* defense. Mindful that Avondale is not being sued over the warnings that it did give or the protection measures that it did provide pursuant to its government contracts, *i.e.*, decisions that clearly were part of the government's exercise of discretion, Avondale's evidence does not establish that the government exercised any discretion whatsoever with respect to the decision not to give the warnings or provide the protections that Plaintiff maintains should have been given. Avondale has evidence that on October 31, 1979 it modified its internal procedures regarding the removal of asbestos, and even assuming that this occurred at the behest of the government, Plaintiff is not suing over asbestos removal procedures and his alleged time of exposure was from 1960 to 1979. It is not clear that

9

Plaintiff continued to work at Avondale when this occurred. (Exhibit W). Danny Joyce, who provided a declaration for Avondale about those modifications to removal procedures, appears to have participated in 1982, which is outside the timeframe when Plaintiff alleges he was exposed to asbestos dust at Avondale. (Exhibit X). Even so the Joyce affidavit does not establish that the government exercised discretion to not giving the warnings and protection that Plaintiff alleges should have been given or that the government exercised meaningful participation in the modifications. (*Id.* ¶ 9). It does not suffice for a federal *Boyle* defense that Avondale complied with whatever safety mandates the federal government had imposed for asbestos in the exercise of its discretion.

And although Avondale contends that derivative immunity under *Yearsley* is distinct and separate from the *Boyle* defense,[6] the Court is persuaded that *Yearsley* is not satisfied simply because Avondale built the vessels pursuant to a government contract and complied with the government's requirements related to asbestos that were incorporated into the government's contracts. Contrary to Avondale's assertion, Plaintiff's claims failure to warn/protect claims are not attacking the government's decisions regarding workplace safety policies with respect to the installation on federal

---

[6] The better characterization is that *Yearsley* and *Boyle* have distinct and separate applications depending on the nature of the claim being alleged against the federal contractor. *Yearsley* derivative immunity is most comfortably applied when the plaintiff alleges that a contractor who constructs a public work for the government in accordance with a government contract, thereby executing "the will" of the government, is sued because the work that he did in accordance with the government's directives damages someone's property. The contractor will be entitled to the same immunity that the government could have claimed in defense of a lawsuit so long as the contractor did not exceed his "validly conferred" authority under the contract. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 206-07 (5th Cir. 2009) (citing *Yearsley*, 309 U.S. at 21).

vessels and they are not attacking Avondale for merely executing the government's will.

In sum, Avondale cannot prevail on its federal defenses to Plaintiff's failure to warn/protect claims.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment Regarding Avondale Interests' Government Immunity Defense (Rec. Doc. 81)** filed by the plaintiffs, Daniel Cantrelle, Sr., et al. is **GRANTED** as explained above.

April 29, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE