UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL CANTRELLE, SR.

VERSUS

HUNTINGTON INGALLS, INC., ET AL.

CIVIL ACTION

NO: 24-2102

SECTION: "A" (3)

**ORDER AND REASONS**

The following motions are before the Court: **Motion in Limine to Establish the Admissibility of Daniel Cantrelle, Sr.'s Affidavit (Rec. Doc. 206)** filed by the plaintiffs, Daniel Cantrelle, Sr., et al. ("Plaintiffs");[1] **Motion in Limine to Exclude the Affidavit of Daniel Cantrelle, Sr. (Rec. Doc. 210)** filed by Defendants, Foster Wheeler LLC ("Foster Wheeler"), General Electric Company operating as GE Aerospace ("General Electric"), and Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse") (collectively "the Moving Defendants").

Plaintiffs' motion in limine is opposed by the Moving Defendants, as well as the Hopeman Interests.[2] (Rec. Docs. 224, 225).

---

[1] The motion was filed by Daniel Cantrelle, Jr., Dana Cantrelle, Kelly Cantrelle, Monica Koeppel, Paul Cantrelle, Shelley Cantrelle, and Zachary Cantrelle, individually and on behalf of Daniel Cantrelle, Sr., who is now deceased.

[2] Defendants, Liberty Mutual Insurance Company as the alleged insurer of Hopeman Brothers, Inc., its executive officers, Albert Arendt Hopeman, Jr., Bertram C. Hopeman, Charles N. Johnson, Jr., and Kenneth Wood ("Hopeman's Alleged Executive Officers"), and Wayne Manufacturing Corp. are collectively "the Hopeman Interests."

Plaintiffs oppose the Moving Defendants' motion in limine. (Rec. Doc. 22).

Many parties in this case have taken no position on either motion.

The motions, submitted for consideration on May 13, 2026, are before the Court on the briefs without oral argument.[3]

## I.

Daniel Cantrelle, Sr. was diagnosed with mesothelioma in June of 2024. The next day he filed his damages lawsuit in state court against numerous defendants. Huntington Ingalls, Inc. ("Avondale") removed the case asserting federal officer removal jurisdiction because it built ships for the United Staes Navy pursuant to government contracts during the time of Mr. Cantrelle's alleged exposure to asbestos dust.

Mr. Cantrelle passed away on July 26, 2024.

As of this writing, twenty-six dispositive motions are noticed for submission before the Court.

The parties have worked extensively with the assigned magistrate judge to attempt to resolve the claims.

A jury trial is scheduled to commence on July 13, 2026. (Rec. Doc. 135, Scheduling Order).

## II.

The cross motions in limine currently before the Court are directed at an affidavit executed by Daniel Cantrelle, Sr. on July 24, 2024, which was two days before he succumbed to his illness and died. (Rec. Doc. 206-8, Exhibit G). Plaintiffs' counsel

---

[3] Plaintiffs have requested oral argument on the motions. The Court is not persuaded that oral argument would be helpful.

advises that uncertainty as to the admissibility of the affidavit has stalled settlement negotiations.

The affidavit purports to describe Mr. Cantrelle's work and alleged asbestos exposure at Avondale. Mr. Cantrelle worked for Avondale Shipyard from 1960 – 1972 and 1978 – 2004 for a total of thirty-eight years. The affidavit is notarized by one of Plaintiffs' attorneys, Mr. Benjamin Rumph. There are no witnesses identified as being present when the affidavit was executed and the adverse parties were not given notice that the affidavit was being executed. Mr. Cantrelle was not deposed in this case or any prior case regarding his occupational exposure to asbestos. It is undisputed that defense counsel never had the opportunity to cross examine Mr. Cantrelle regarding his allegations as to exposure to asbestos dust or as to any of the contentions contained in the affidavit.

Plaintiffs do not dispute that they bear the burden of proving the admissibility of the affidavit, whether by establishing that the affidavit is not hearsay or that it falls within an exception to the hearsay rule. *See Dempster v. Lamorak Ins. Co.*, 488 F. Supp. 3d 499, 507 (E.D. La. 2020) (Brown, C.J.) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). Plaintiffs have argued that the affidavit should be considered "an opposing party statement" for purposes of Rule of Evidence 801(d)(2) ("Statements That Are Not Hearsay"), because some of the defendants in the case are sure to use it against Plaintiffs to argue that it contains insufficient detail to maintain asbestos negligence or strict liability cases against them.[4] No such defendant has filed a motion in limine (or

---

[4] A statement is not hearsay if it is offered against an opposing party and was made by the party in his individual capacity. Fed. R. Evid. 801(d)(2)(A) ("An Opposing Party's

joined in the plaintiffs' motion in limine) to argue that the affidavit should be admitted so that it can be used *against* Plaintiffs. Rule 801(d)(2) does not apply to a statement made by a party and offered by that same party. Plaintiffs themselves do not have standing to invoke Rule 801(d)(2) in order to have the affidavit admitted into evidence. The affidavit is undisputedly hearsay. Fed. R. Evid. 801(c)(1)-(2) (definition of hearsay).

Although Plaintiffs go on to argue that even if the affidavit is hearsay several exceptions to the hearsay rule apply to render it admissible, the Moving Defendants have raised an argument that potentially moots the question of whether any of the hearsay exceptions apply. Federal Rule of Evidence 801 defines a "statement" as "a person's . . . written assertion . . . if the person intended it as an assertion." The Moving Defendants argue that the affidavit fails at the most basic level to qualify as a "statement" under Rule 801 because Mr. Cantrelle's hospice records make clear that on July 24, 2024—the day that Mr. Cantrelle supposedly signed the affidavit—he did not possess sufficient memory or cognitive capacity to author, adopt, or assent to the statements contained in the affidavit. In fact, the medical records demonstrate that Mr. Cantrelle had been in cognitive decline for some time.

In support of their contention that Mr. Cantrelle lacked the mental capacity on July 24, 2024 to execute an affidavit, especially one describing detailed, work-related assignments that would have occurred decades earlier, the Moving Defendants have submitted Mr. Cantrelle's hospice and medical records.

---

Statement"). The Court notes that even if this rule is found to apply, it would not render the affidavit admissible for all parties and for all purposes. The rule would only allow the affidavit to be used against Plaintiffs, and not for instance by Avondale against its co-defendants.

Mr. Cantrelle sought medical help in August 2020 for memory loss and possible early Alzheimer's disease. (Rec. Doc. 210-5). He was diagnosed with dementia sometime in 2021.

While Mr. Cantrelle was still in the hospital following his mesothelioma diagnosis, he had trouble recognizing his son Zack. Zack did not get to speak with Mr. Cantrelle about his mesothelioma diagnosis because there would only be a couple of seconds at a time when Mr. Cantrelle recognized who Zack was. (Rec. Doc. 210-7).

Mr. Cantrelle entered hospice care on June 20, 2024. The Visit Note Report from that date states that Mr. Cantrelle was "awake, alert, and oriented to self and situation to some degree." (Rec. Doc. 210-4 at 3). On that same date, the informed consent form for hospice care indicates that Mr. Cantrelle was physically unable to sign the necessary hospice paperwork. (*Id.* at 2).

By July 16, 2024, Mr. Cantrelle was "[unable to] answer any questions, not nonverbal but doesn't comprehend the question. Appears to be confused and disoriented. Appears also to be living in a different time and living through memories." (*Id.* at 4). On July 18, 2024, Mr. Cantrelle was "very confused. Keeps thinking that the television remote is a telephone." He did not know where he was and was "confused and disoriented." (*Id.* at 5).

On July 24, 2024, the date that the affidavit was signed, Mr. Cantrelle was "unable to answer questions, disoriented and confused." The care giver had reported "bizarre behavior." (*Id.* at 6).

The Moving Defendants argue that the medical records demonstrate that Mr. Cantrelle suffered from severe neurological impairment, including advanced cognitive

5

decline, rendering him incapable of forming, adopting, or communicating the assertions contained in the affidavit. The Moving Defendants argue that the affidavit is not Mr. Cantrelle's "statement" but is more appropriately characterized as a manufactured narrative attributed to an individual who lacked the capacity to understand it or to endorse it.

The foregoing evidence, although as Plaintiffs point out hearsay itself, raises serious questions regarding Mr. Cantrelle's mental capacity to make the statements contained in the affidavit. Plaintiffs have offered no declaration from Mr. Rumph, and they have made no attempt to divulge who actually authored the affidavit and how the author obtained the information contained in the affidavit given what appears to be Mr. Cantrelle's severe cognitive decline leading up to this death. Plaintiffs have not established that the affidavit was Mr. Cantrelle's "statement."

Finally, Plaintiffs have noted in their opposition that the Moving Defendants took no steps to explore the circumstances surrounding the execution of the affidavit even though Plaintiffs produced it on February 28, 2025. The Court has been informed that many of the experts in this case have relied on the affidavit in forming their opinions and the Court has no doubt that the parties do not want to incur the expense and delay of commissioning new expert reports if it cannot be established that Mr. Cantrelle had the capacity to execute the affidavit on July 24, 2024.[5]

Accordingly, and for the foregoing reasons;

---

[5] Of course experts may rely on hearsay evidence in forming their opinions. But if the affidavit cannot be attributed to Mr. Cantrelle as his "statement," then this legal principle becomes a moot point.

**IT IS ORDERED** that the **Motion in Limine to Establish the Admissibility of Daniel Cantrelle, Sr.'s Affidavit (Rec. Doc. 206)** filed by Plaintiffs is **DENIED WITHOUT PREJUDICE** as explained above.

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude the Affidavit of Daniel Cantrelle, Sr. (Rec. Doc. 210)** filed by the Moving Defendants is **DENIED WITHOUT PREJUDICE** as explained above.

June 12, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE